UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID C. SHARP
19301 Watkins Mill Road
Montgomery Village, MD 20886

    Plaintiff,

vs.                                CASE NO.:

EDMONSTON PROPERTIES, LLC.
1020 Rockville Pike
Rockville, Maryland 20852

    Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, David Sharp ("Sharp"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by

LAW OFFICES
MAXWELL & BARKE LLC
SUITE 808
51 MONROE PLACE
ROCKVILLE, MD 20850

1

the ADA, in that he has polio, is a quadriplegic, and uses a wheelchair for mobility.

        5.        Defendant, Edmonston Properties LLC. ("Edmonston"), is a Maryland limited liability company, and the owner and operator of a shopping center known as Rockville Pike Center/Edmonston Crossing, located at 1020 Rockville Pike, in Rockville, Maryland (the "Shopping Center").

### The Shopping Center is a Public Accommodation

        6.        The Shopping Center is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(E).

### ADA Prohibition of Discrimination by Public Accommodations

        7.        Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

        8.        There are architectural barriers at the Shopping Center, which include but are not limited to the following:

        a)        Parking spaces without proper signage;

        b)        No van accessible parking spaces provided in the parking lot.

        c)        Accessible parking spaces with no adjacent access aisles.

LAW OFFICES
MAXWELL & BARKE LLC
SUITE 808
51 MONROE PLACE
ROCKVILLE, MD 20850

      d.)    No accessible route is provided at the facility.

      e.)    A curb ramp with a running slope that exceeds 8.33%.

9.    By failing to remove existing architectural barriers, Edmonston has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Shopping Center, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Barriers and/or Modify Policies: Unlawful Discrimination

10.    Edmonston has failed to remove the above mentioned architectural barriers at its Shopping Center and make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Shopping Center by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing: Sharp's Visit and Intention to Return to the Shopping Center

11.    Sharp has visited the Shopping Center, but was injured because his full and equal enjoyment of the Shopping Center was denied and curtailed by the presence of the architectural barriers set forth above.

12.    Sharp has a present intention and desires to visit the Shopping Center again.

LAW OFFICES
MAXWELL & BARKE LLC
SUITE 606
51 MONROE PLACE
ROCKVILLE, MD 20850

WHEREFORE, Sharp demands judgment against Edmonston, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, the Shopping Center, owned, leased and/or operated by Edmonston Crossing, is not readily accessible to Sharp in violation of the ADA;

B. That the Court enter an order directing Edmonston to alter and renovate the place of public accommodation at issue in this case, to wit, the Shopping Center, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing Edmonston to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit, the Shopping Center;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Sharp; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of January, 2007.

Respectfully submitted,

/s/Joel R. Zuckerman

Joel Zuckerman
Federal Bar No. 12730
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
*Attorneys for the plaintiff*